UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HAROLD DONALD COX, | ) | |
| | ) | |
| Plaintiff, | ) | 13 C 5874 |
| | ) | |
| v. | ) | Honorable Judge |
| | ) | Virginia M. Kendall |
| THOMAS J. DART, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## POSITION PAPER REGARDING CONSIDERATION OF THE MONITOR'S REPORTS IN DECIDING SUMMARY JUDGMENT

NOW COMES Defendant, Sheriff Thomas Dart, by his attorney, ANITA ALVAREZ, State's Attorney of Cook County, and through her Assistant, Anthony E. Zecchin, and submit, per this Court's order, Dkt. no. 164, the following position paper regarding whether this Court should consider the Monitor's reports issued in connection with *United States v. Cook County*, 10 C 2946. For the reasons below, this Court should consider those reports as admissible evidence.

## INTRODUCTION

It has been 42 years since the class action lawsuit challenging conditions in the Jail was first filed. *See Duran v. Brown*, 74 C 2949. On November 30, 2011, the district court entered an order voluntarily dismissing *Duran*. Plaintiff United States then filed a successor lawsuit against the County and Sheriff Dart in his official capacity to enjoin the Sheriff and the County from depriving persons incarcerated at the Jail of unconstitutional conditions at Cook County Jail (CCJ). *United States v. Cook County,* 10 C 2946, Dkt. 1. (the "Successor Lawsuit").

1

From May 2010 to the present, Harry Grenawitzke has been this district court's monitor (the "Monitor") in the Successor Lawsuit on the Sanitation and Environmental Conditions. As a part of this oversight, Grenawitzke submits a monitor's report twice a year in the Successor Lawsuit.

In these reports, Grenawitzke describes and explains what progress has been made in certain areas of concern with regard to living conditions at the CCJ that were noted in the Department of Justice's 2008 letter to Sheriff Dart and then Cook County Board President Todd H. Stroger, Jr.

The present *Cox* litigation presents the following question: are the Monitor reports that Grenawitzke prepares and submits in the Successor Litigation admissible evidence in motions for summary judgment filed in *Cox* and other lawsuits seeking damages based upon conditions at the CCJ? For the reasons set forth below, the answer is yes.

## **ARGUMENT**

In deciding a motion for summary judgment "a district court may consider any evidence that would be **admissible** at **trial.**" *Wheatley v. Factory Card & Party Outlet*, 826 F.3d 412, 420 (7th Cir. 2016) (emphasis added) (citing *Widmar v. Sun Chem. Corp.*, 772 F.3d 457, 460 (7th Cir. 2014)). In *Wheatley*, the Seventh Circuit noted that "the evidence need not be admissible in form, but must be admissible in content . . ." *Id*.

The question, then, is whether the Monitor's reports constitute evidence that would be admissible at trial in any of the Section 1983 damage claims based upon jail conditions. They do.

For a document to be admissible at trial, it must be authenticated, must be probative of some germane issue in the case and must not be inadmissible hearsay. The Monitor reports are authentic, probative and not hearsay.

Under FEDERAL RULE OF EVIDENCE 902, "[e]xtrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to . . . [a] copy of an official record or **report** or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification . . . ." *See* FED. R. EVID. 902(4); *United States v. Lechuga*, 975 F.2d 397 (7th Cir. 1992).

In *Lechuga*, the Seventh Circuit held that court records were self-authenticating under FED. R. EVID. 902(4) and were properly admitted without any proof that makers of documents such as a magistrate judge or court clerk were unavailable for trial. Likewise, the Monitor's reports are self-authenticating under FED. R. EVID. 902(4) and Defendant need not prove that the Monitor is unavailable for trial.

The Monitor's reports are probative and relevant to the Section 1983 damage claims under FEDERAL RULE OF EVIDENCE 402. The Monitor's reports are relevant to all the various claims of unconstitutional living conditions in the Jail. Moreover, the Monitor's reports are issued twice a year and thus at least one of the reports will be contemporaneous or close in time to the times at issue in the conditions lawsuits and those reports are probative of the actual conditions at the CCJ.

Finally, the Monitor's reports are not inadmissible hearsay. As the Seventh Circuit recognized in *Lechuga*, reports submitted to the district court fall within the hearsay exception in FEDERAL RULE OF EVIDENCE 803(8). *See Lechuga*, 975 F.2d at 399. Under FED. R. EVID.

803(8)(A), the following documents are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:

> (8) *Public records.* A record or statement of a public office if:
>
> (A)    it sets out:
>
> (i)    the office's activities;
>
> (ii)   a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or
>
> (iii)  in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation;

FED. R. EVID. 803(8)(A).

Here, a district court monitor prepared and submitted the reports at issue here. The circumstances surrounding their preparation and submission are indicative of trustworthiness. Indeed, reports such as those prepared by Grenawitzke are presumed to be admissible in a civil case. *Jordan v. Binns*, 712 F.3d 1123, 1132 (7th Cir. 2013). Grenawitzke's reports are properly classified as "evaluative reports containing both opinions and conclusions." *Daniel v. Cook County*, ___ F.3d ___, 2016 U.S. App. LEXIS 14886, at * 27 (7th Cir. August 12, 2016) (citing *Jordan*, 712 F.3d at 1132). These reports include both Grenawitzke's statements and his on-scene observations and conclusions (both based on tours of Cook County Jail). *See Jordan*, 712 F.3d at 1134. Therefore, the Monitor's reports fall within the hearsay exception in FEDERAL RULE OF EVIDENCE 803(8).

The Seventh Circuit's recent decision in *Daniel* supports this conclusion. In *Daniel*, the plaintiff alleged that medical care at the Cook County Jail in 2011 fell below constitutional standards as a matter of official policy, custom, or practice. Plaintiff attempted to introduce

4

findings from a 2008 United States Department of Justice ("DOJ") investigation regarding various aspects of health care at the Cook County Jail.

The Seventh Circuit held that the 2008 DOJ report was admissible under the hearsay exception in FED. R. EVID. 803(8)(A)(iii) for a Section 1983 claim for compensatory damages filed regarding a claim of deliberate indifference to the plaintiff's medical care in 2011.[1] The appellate court found that public officials writing such reports are assume to be acting "properly and without bias." *Daniel*, 2016 U.S. App. LEXIS 14886, at * 27 (citing *Jordan*, 712 F.3d at 1132). The court also considered the factors enumerated in the 1972 advisory committee note, Fed. R. Evid. 803(8), cmt. (c), including how timely the report is for the present litigation, the skill or expertise of the officer preparing the report, whether a hearing was held to evaluate the report, and whether the report suffered from any motivation problems, all "weigh[ed] strongly in favor of admitting the DOJ report. *Daniel*, 2016 U.S. App. LEXIS 14886, at ** 30-31.

The same evaluation supports admissibility of the Monitor's reports. The reports are issued twice a year, which means that certain Monitor's reports will have been issued close in time to virtually all of the conditions claims that are before this Court. The skill or expertise of Grenawitzke is not subject to reasonable dispute here. Although there are no hearings conducted to evaluate the Monitor's reports, both the Sheriff and Cook County are afforded the opportunity to provide a response to (or even move to strike) the Monitor's reports. *See United States v. Cook County,* 10 C 2946, Dkt. nos. 45, 47, 199, 202, 237.[2] Finally, any motivation problems are mitigated by the involvement and oversight by this Court in that litigation.[3]

---

1 The *Daniel* court cited a number of cases that, it believed, "held or signaled" the DOJ report at issue in that case and other DOJ reports would be admissible under Rule 803(8). *Daniel*. 2016 U.S. App. LEXIS 14886, at * 29 (collecting cases).
2 Perhaps most significantly, this Court terminated the provisions of that lawsuit that pertained to conditions at the Jail ("III.G: Sanitation and Environmental Conditions"), which, although those portions

5

As the Seventh Circuit held that the DOJ report was admissible under Fed. R. Evid. 803(8)(A)(iii), the same rationale applies here and the Monitor's reports are admissible under Fed. R. Evid. 803(8)(A)(iii) as well. For the above reasons, the Monitor's reports are authentic, probative and not hearsay. Therefore, this Court should consider the Monitor's reports in deciding summary judgment.

## **CONCLUSION**

WHEREFORE Defendant, for all of the foregoing reasons, respectfully request that this Honorable Court consider the Monitor's reports in deciding summary judgment.

Respectfully submitted,

ANITA ALVAREZ
State's Attorney of Cook County

/s/ Anthony E. Zecchin
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-3373

---

were overseen by Cook County and its Department of Facilities Management, concerned the conditions in which detainees were living.
3 Notably, the plaintiff in *Daniel* sought admission of the Monitor's report under Fed. R. Evid. 803(1) as a present sense impression, not under Fed. R. Evid. 803(A). *Daniel*, 2016 U.S. App. LEXIS 14886, at ** 35-36.